UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NIMELY P. GEEGBAE, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | *   Civil Action No. 10-10852-JLT |
| | * |
| JOSEPH D. MCDONALD, JR., | * |
| | * |
| Respondent. | * |

MEMORANDUM

November 1, 2010

TAURO, J.

I.    Introduction

In May, 2010, Petitioner, Nimely Geegbae, filed a Petition for Writ of Habeas Corpus to remedy his prolonged detention. Presently at issue are Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1]; Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus [#6]; Petitioner's Motion to Expedite [#8]; and Petitioner's Second Motion to Expedite Petition for Habeas Corpus Relief from Immigration Detention [#12]. For the following reasons, Petitioner's Petition for Writ of Habeas Corpus is ALLOWED; Respondent's Motion to Dismiss is DENIED; Petitioner's Motion to Expedite is ALLOWED AS MOOT; and Petitioner's Second Motion to Expedite is ALLOWED AS MOOT.

II.   Background

On November 8, 2004, Petitioner entered the United States as a refugee from Liberia and

as a derivative of his father's successful asylum application.[1] In 2007, Petitioner had an argument with his stepmother that resulted in his conviction for simple assault (domestic).[2] He received a suspended sentence and served no jail time.[3] In 2008, Petitioner took a shirt and pants from a store where he worked and was convicted of embezzlement.[4] In February 2009, Petitioner was convicted again of simple assault and sentenced to sixty days in jail.[5]

At the end of the sixty days, on April 1, 2009, Petitioner was transferred to the custody of U.S. Immigration and Customs Enforcement ("ICE").[6] He was charged with removability under 8 U.S.C. § 1227(a)(2)(E)(i) (crime of domestic violence) and 8 U.S.C. § 1227(a)(2)(A)(iii) (aggravated felony, specifically a theft offense for which the sentence was at least one year).[7] Petitioner applied for adjustment of status under 8 U.S.C. § 1159(a), in conjunction with a waiver

---

[1] Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶¶ 4, 12 [#1]; Mot. Dismiss Pet. Writ Habeas Corpus, 1 [#6].

[2] Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶ 13 [#1]; Mot. Dismiss Pet. Writ Habeas Corpus, 1 [#6].

[3] Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶ 13 [#1]; Mot. Dismiss Pet. Writ Habeas Corpus, 1 [#6].

[4] Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶ 13 [#1]; Mot. Dismiss Pet. Writ Habeas Corpus, 1 [#6].

[5] Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶ 14 [#1].

[6] Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶ 14 [#1].

[7] Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶ 15 [#1]. As Petitioner points out, the decision of the Immigration Judge contained a typographical error that listed Petitioner's aggravated felony charge as section "237(a)(2)(A)(ii)" of the Immigration and Nationality Act rather than section 237(a)(2)(A)(iii). Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, 5 n.1 [#1].

of inadmissibility under 8 U.S.C. § 1159(c).[8]  Petitioner reserved the right to apply for withholding of removal and protection under the Convention Against Torture.[9]

On December 7, 2009, the Immigration Judge granted Petitioner's application for adjustment of status and a waiver of inadmissibility, finding that Petitioner had demonstrated rehabilitation and strong family and community support, and that "he would suffer exceptional and extremely unusual hardship" if he were separated from his family and returned to Liberia.[10]  Subsequent to the Immigration Judge's decision, however, Petitioner was not released from custody.  On January 14, 2010, the Department of Homeland Security appealed the Immigration Judge's order to the Board of Immigration Appeals ("BIA").[11]  Petitioner's case is currently pending before the BIA.[12]  Petitioner has remained in immigration detention since April 1, 2009,[13] a total of nineteen months.

On May 19, 2010, Petitioner filed a Petition for Writ of Habeas Corpus in this court.[14]

III.    Discussion

---

[8] Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶ 16 [#1].

[9] Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶ 16 [#1].

[10] Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, Ex. A, 12 [#1]; see Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶ 17 [#1]; Mot. Dismiss Pet. Writ Habeas Corpus, 2 [#6].

[11] Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶ 18 [#1].

[12] See Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶¶ 18–20 [#1].  The BIA generally tries to decide detained cases within six months.  Id.

[13] Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶ 14 [#1]; Mot. Dismiss Pet. Writ Habeas Corpus, 2 [#6].

[14] Mot. Dismiss Pet. Writ Habeas Corpus, 2 [#6].

The Due Process Clause of the Fifth Amendment forbids the Government to "deprive" any "person . . . of . . . liberty . . . without due process of law." Freedom from imprisonment "lies at the heart of the liberty that Clause protects,"[15] and the Fifth Amendment protects everyone within the United States, including non-citizens.[16]

In the context of immigration detention, indefinite detention of a non-citizen violates the Due Process Clause if removal of the non-citizen "is not reasonably foreseeable."[17] That is, a non-citizen "may be held in confinement until it has been determined that there is a significant likelihood of removal in the reasonably foreseeable future."[18] The Supreme Court has read into the immigration statute a presumption of a six-month limit on immigration detention.[19] After a non-citizen has spent six months in immigration detention, "for detention to remain reasonable, as the period of . . . confinement grows, what counts as the 'reasonably foreseeable future' conversely" shrinks.[20] Moreover, if an order of removal has not issued for a non-citizen, detention must be for a "limited period."[21]

---

[15] Zadvydas v. Davis, 533 U.S. 678, 690 (2001); Foucha v. Louisiana, 504 U.S. 71, 80 (1992).

[16] E.g., 533 U.S. at 693; Reno v. Flores, 507 U.S. 292, 306 (1993) ("[T]he Fifth Amendment entitles aliens to due process of law in deportation proceedings."); Mathews v. Diaz, 426 U.S. 67, 77 (1976); see 533 U.S. at 690 ("[P]ermitting indefinite detention of an alien would raise a serious constitutional problem.").

[17] 533 U.S. at 699.

[18] Id. at 701.

[19] Id.; see Vongsa Sengkeo v. Horgan, 670 F. Supp. 2d 116, 124 (D. Mass. 2009).

[20] 533 U.S. at 701.

[21] Demore v. Kim, 538 U.S. 510, 531 (2003); see Bourguignon v. MacDonald, 667 F. Supp. 2d 175, 182 (D. Mass. 2009) (noting that a non-citizen's "potential period of detention

Here, Petitioner's detention, which has lasted nineteen months, violates Petitioner's Due Process rights. No order of removal has issued for Petitioner. Indeed, the Immigration Judge has granted Petitioner's application for adjustment of status and a waiver of inadmissibility.[22] Accordingly, Petitioner may only be detained for a "limited period."[23]

Petitioner's nineteen-month detention does not cover a "limited period"[24] within the meaning of Supreme Court precedent. Nineteen months far exceeds the six-month limitation in cases in which removal is reasonably foreseeable,[25] and Petitioner's removal is not foreseeable. Indeed, Petitioner's removal <u>proceedings</u> have no foreseeable end.[26] Moreover, even if Petitioner is ordered removed at some point, he is unlikely to actually be removed.[27]

Finally, this court is unconvinced that it should, as Respondent suggests, decline to hear Petitioner's mandatory detention claims because Petitioner has not exhausted his claims at the administrative level. Petitioner is not challenging the charges against him. Rather, he is making a

---

[is] of *limited* duration"); <u>Vongsa</u>, 670 F. Supp. 2d at 123.

[22] <u>See</u> Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, Ex. A, 12 [#1]; Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶ 17 [#1]; Mot. Dismiss Pet. Writ Habeas Corpus, 2 [#6].

[23] <u>Demore</u>, 538 U.S. at 531.

[24] <u>Id.</u>

[25] <u>See</u> <u>Zadvydas</u>, 533 U.S. at 701.

[26] There is no required deadline for the BIA's decision on the government's appeal of Petitioner's case. Even if the BIA reverses the Immigration Judge's grant of relief to Petitioner, his case will be automatically remanded to the Immigration Judge for a new hearing. <u>See</u> <u>Vongsa</u>, 670 F. Supp. 2d at 119–20 (recounting a similar timeline for the petitioner).

[27] Removals to Liberia are rare, and in Massachusetts, many Liberian detainees who have been ordered removed have been released when their detention reached unconstitutional lengths. Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶ 22 [#1].

constitutional claim based on the length of his detention.[28] This court may remedy a due process violation, and it does so here.

IV.     Conclusion

For the foregoing reasons, this court has concluded that Petitioner's mandatory detention has continued for an unreasonable length of time. Accordingly, Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1] is ALLOWED; Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus [#6] is DENIED; Petitioner's Motion to Expedite [#8] is ALLOWED AS MOOT; and Petitioner's Second Motion to Expedite Petition for Habeas Corpus Relief from Immigration Detention [#12] is ALLOWED AS MOOT.

AN ORDER HAS ISSUED.

    /s/ Joseph L. Tauro
   United States District Judge

---

[28] See Vongsa, 670 F. Supp. 2d at 122 (allowing a constitutional challenge in the context of section 1226(c) detention).