UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NIMELY P. GEEGBAE, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * Civil Action No. 10-10852-JLT |
| | * |
| JOSEPH D. MCDONALD, JR., | * |
| | * |
| Respondent. | * |

MEMORANDUM

March 8, 2011

TAURO, J.

I.  Introduction

In November 2010, this court held that the prolonged detention of Petitioner Nimely Geegbae was unconstitutional and, for that reason, allowed Petitioner's Petition for Writ of Habeas Corpus. Presently at issue is Petitioner's Motion for Attorney Fees and Costs Under the Equal Access to Justice Act [#16]. For the following reasons, Petitioner's Motion is ALLOWED.

II.  Background[1]

Petitioner, a refugee from Liberia, legally entered the United States in 2004.[2] In 2009, Petitioner was convicted of simple assault and sentenced to sixty days in jail.[3] At the end of those sixty days, Petitioner was transferred to the custody of U.S. Immigration and Customs

---

[1] This court assumes familiarity with its previous decision in this case, see Order [#14]; Memorandum [#15], but nonetheless presents a condensed background.

[2] See Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶¶ 4, 12 [#1]; Mot. Dismiss Pet. Writ Habeas Corpus, 1 [#6].

[3] Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶ 14 [#1].

Enforcement ("ICE")[4] and charged with removability.[5] Petitioner applied for adjustment of status under 8 U.S.C. § 1159(a), in conjunction with a waiver of inadmissibility under 8 U.S.C. § 1159(c).[6]

On December 7, 2009, an Immigration Judge granted Petitioner's application for adjustment of status and a waiver of inadmissibility, finding that Petitioner had demonstrated rehabilitation and strong family and community support, and that "he would suffer exceptional and extremely unusual hardship" if he were separated from his family and returned to Liberia.[7] Subsequent to the Immigration Judge's decision, however, Petitioner was not released from custody. On January 14, 2010, the Department of Homeland Security appealed the Immigration Judge's order to the Board of Immigration Appeals ("BIA").[8]

On May 19, 2010, Petitioner filed a Petition for Writ of Habeas Corpus in this court.[9] On November 1, 2010, this court issued a Memorandum and Order allowing Petitioner's Petition.[10] Petitioner remained in immigration detention from April 1, 2009[11] until this court allowed his

---

[4] Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶ 14 [#1].

[5] See Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶ 15 [#1].

[6] Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶ 16 [#1].

[7] Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, Ex. A, 12 [#1]; see Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶ 17 [#1]; Mot. Dismiss Pet. Writ Habeas Corpus, 2 [#6].

[8] Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶ 18 [#1].

[9] Mot. Dismiss Pet. Writ Habeas Corpus, 2 [#6].

[10] See Order [#14]; Memorandum [#15].

[11] Pet. Writ Habeas Corpus Pursuant 28 U.S.C. § 2241, ¶ 14 [#1]; Mot. Dismiss Pet. Writ Habeas Corpus, 2 [#6].

Petition for Writ of Habeas Corpus, a total of at least nineteen months.

Petitioner now seeks $9003.75 in attorney fees and $5 in costs under the Equal Access to Justice Act ("EAJA").[12]

III. Discussion

    A. The EAJA Standard

Absent special circumstances, a party may recover attorney fees under the EAJA if (1) the party is a "prevailing party" and (2) the position of the government "was not substantially justified."[13] The prevailing party standard requires (1) a "'material alteration of the legal relationship of the parties" and (2) "judicial imprimatur on the change."[14] As this court has previously determined, a party who has successfully petitioned for a writ of habeas corpus is a "prevailing party."[15]

To prove that the position of the government was substantially justified, the government must show[16] that its position had a "'reasonable basis in both law and fact.'"[17] To do so, the

---

[12] Mem. Supp. Pet.'s Mot. Att'ys Fees & Costs Under Equal Access Justice Act, 9 [#17].

[13] 28 U.S.C. § 2412(d)(1)(B).

[14] Smith v. Fitchburg Pub. Sch., 401 F.3d 16, 22 (1st Cir. 2005) (emphasis omitted) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't Health & Human Res., 532 U.S. 598, 604–05 (2001)).

[15] See Oscar v. Gillen, 595 F. Supp. 2d 166 (D. Mass. 2009) (Tauro, J.).

[16] The government must make a "strong showing." S&H Riggers & Erectors, Inc. v. Occupational Safety & Health Review Comm'n, 672 F.2d 426, 430 (5th Cir. 1982) (quoting H.R. Rep. No. 1418, 96th Cong., 2d Sess. 10, 18 (1980), reprinted in 1980 U.S. Code Cong. & Ad. News 4989, 4997).

[17] Oscar, 595 F. Supp. 2d at 169 (quoting Schock v. United States, 254 F.3d 1, 5 (1st Cir. 2001)).

3

government must demonstrate that both its pre-litigation and litigation positions were substantially justified.[18] The phrase "substantially justified" means more than "merely undeserving of sanctions for frivolousness."[19] For instance, "[w]hether one court agreed or disagreed with the government does not establish that the government's position was not substantially justified, but a string of court decisions going either way can be indicative."[20]

Here, Petitioner is a prevailing party. Moreover, the government has failed to show that its position was substantially justified. First, Petitioner is a prevailing party because, on November 1, 2010, this court allowed his Petition for Writ of Habeas Corpus and ordered his release.[21]

Second, for its position to be substantially justified, the government must show that it was reasonable in law and in fact for ICE to detain Petitioner during the nineteen months prior to this court's order. The government must also show that it was reasonable to argue to this court that Petitioner's removal was reasonably foreseeable. Neither position was substantially justified by the government.

The pre-litigation position of ICE was not substantially justified. As this court explained in its November 2010 Memorandum, if Petitioner's removal had been reasonably foreseeable,

---

[18] See 28 U.S.C. § 2412(d)(2)(B) ("'[P]osition of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based . . . ."); Hanover Potato Products, Inc. v. Shalala, 989 F.2d 123, 131 (3d Cir. 1993); Oscar, 595 F. Supp. 2d at 169 (citing Schock, 254 F.3d at 5).

[19] Pierce v. Underwood, 487 U.S. 552, 566 (1988).

[20] Schock, 254 F.3d at 6 (citing Pierce, 487 U.S. at 568; De Allende v. Baker, 891 F.2d 7, 13 (1st Cir. 1989)).

[21] See Oscar, 595 F. Supp. 2d 166.

4

Supreme Court precedent imposed a six-month limit on detention.[22] Petitioner's nineteen-month detention violated that limit. Moreover, this court held that Petitioner's removal was <u>not</u> reasonably foreseeable.[23]

The government's litigation position was not substantially justified, either. First, the government did not address the serious constitutional concerns raised when detention exceeds the time reasonably necessary to complete removal proceedings. The Supreme Court first raised such concerns in 2003, and many lower federal courts have since expanded on those concerns.[24] Second, the government did not address any of this district's recent decisions[25] that discuss precisely this issue.[26] Third, as this court explained in its prior <u>Memorandum</u>, Petitioner's removal was not reasonably foreseeable.[27]

### B. Calculation of Fees

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee."[28] Here,

---

[22] See <u>Zadvydas v. Davis</u>, 533 U.S. 678, 701 (2001); <u>see also</u> <u>Vongsa Sengkeo v. Horgan</u>, 670 F. Supp. 2d 116, 124 (D. Mass. 2009).

[23] See Mem., 5 [#15].

[24] See <u>Demore v. Kim</u>, 538 U.S. 510, 531 (2003); <u>see, e.g.</u>, <u>Tijani v. Willis</u>, 430 F.3d 1241, 1242 (9th Cir. 2005); <u>Ly v. Hansen</u>, 351 F.3d 263, 271–72 (6th Cir. 2003).

[25] <u>See, e.g.</u>, <u>Flores-Powell v. Chadbourne</u>, 677 F. Supp. 2d 455 (D. Mass. 2010); <u>Vongsa Sengkeo</u>, 670 F. Supp. 2d 116; <u>Bourguignon v. MacDonald</u>, 667 F. Supp. 2d 175 (D. Mass. 2009).

[26] See <u>Schock</u>, 254 F.3d at 6.

[27] See Mem., 5 [#15].

[28] 28 U.S.C. § 2412(d)(2)(B); <u>see</u> <u>Oscar</u>, 595 F.2d at 171 (awarding attorney fees of $167.98 per hour, "based on the statutory rate adjusted for the standard of living").

Petitioner seeks $9003.75 in attorney fees. This figure is based on an hourly rate of $175.[29]

Petitioner reaches this rate by adjusting the statutory rate of $125 for the increase in standard of living since 1996, the date of the EAJA.[30] Petitioner also seeks $5 in costs.

Because Petitioner is entitled to the cost-of-living adjustment, this court hereby awards Petitioner attorney fees and costs in the amount of $9008.75.

IV. Conclusion

For the foregoing reasons, Petitioner's Motion for Attorney Fees and Costs Under the Equal Access to Justice Act [#16] is ALLOWED.

AN ORDER HAS ISSUED.

      /s/ Joseph L. Tauro
    United States District Judge

---

[29] See Mem. Supp. Pet.'s Mot. Att'ys Fees & Costs Under Equal Access Justice Act, 8 [#17].

[30] See id. Petitioner reaches this rate through the following calculation. The cost of living in the United States from 1996 to 2010 increased by a factor of 1.40. Id. (citing U.S. Dep't of Labor, Bureau of Labor Statistics, CPI-U, available at ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt). Petitioner multiplies the statutory rate of $125 per hour by 1.40 to reach the requested rate of $175 per hour. Id.
    The government objects to Petitioner's cost-of-living adjustment on the basis that "counsel has failed to demonstrate that the statutory cap should be exceeded" and that the "EAJA imposes a $125.00 per hour cap on attorney's fees." Opp'n Mot. Attorney's Fees, 7 n.5 [#19]. But the government fails to address that the statute (and the case law) explicitly allow a cost-of-living adjustment. See 28 U.S.C. § 2412(d)(2)(B); Oscar, 595 F.2d at 171.